**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JESSE LEWIS,** ) | **CASE NO. 4: 19 CV 410** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CORECIVIC,** *et al.*, ) | |
| ) | |
| Respondents. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Jesse Lewis, a federal pre-trial detainee incarcerated in the Northeast Ohio Correctional Center, otherwise known as "CoreCivic," has filed this action seeking a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In his Petition, Petitioner complains about alleged new prison policies that have reduced inmate access to the law library and legal materials. Petitioner contends he is being afforded inadequate access to legal materials under the new policies, compromising his ability to assist in his defense and violating his constitutional right of access to the courts. He seeks injunctive relief "requiring CoreCivic to re-open the Inmate Law Library as previously comprised." (*See* Doc. No. 2 at 4.)

Federal district courts conduct initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 *habeas corpus* petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face").

This Petition must be summarily dismissed because it does not raise a claim that is cognizable under § 2241. In general, *habeas corpus* is available to prisoners seeking relief from unlawful imprisonment or custody. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). However, § 2241 is not available to review questions unrelated to the cause of detention. *See Martin*, 391 F.3d at 714. A prisoner may not challenge the conditions of his confinement in a *habeas corpus* petition, as Petitioner seeks to do here. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973); *Sullivan v. U.S.*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

**Conclusion**

Accordingly, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243

and Rule 4 of the Rules Governing *Habeas Corpus* Cases.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

                                           s/ Christopher A. Boyko
                                           CHRISTOPHER A. BOYKO
                                           UNITED STATES DISTRICT JUDGE

DATED:  June 4, 2019